## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

```
SANDRA SIMMONS,                     )
an individual,                      )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )   Case No. CIV-15-082-JHP
                                    )
DAN J. CASTRO, M.D.,                )
an individual,                      )
                                    )
        Defendant.                  )
```

### FINDINGS AND RECOMMENDATION

This matter comes before this Court on Plaintiff's Motion to Vacate Administrative Closing Order filed August 18, 2015 (Docket Entry #171) and Defendant's Motion to Enforce Settlement filed August 20, 2015 (Docket Entry #173). By Order entered August 25, 2015, United States District Judge James H. Payne, the judge presiding over this case, referred the subject Motions to the undersigned for the purpose of entering Findings and a Recommendation as to their disposition.

To that end, this Court conducted a hearing on the Motions on September 21, 2015. Tony Gould appeared for Plaintiff Sandra Simmons ("Simmons") and John Wiggins represented Defendant Dan J. Castro, M.D. ("Castro") at the hearing.

On January 27, 2012, Simmons initiated an action against two entities alleging claims for wrongful discharge and retaliation by

her employer.[1]  Through several amendments to the Complaint, Simmons included claims under the *qui tam* provisions of the False Claims Act and Oklahoma Medicaid False Claims Act to her original allegations.  Through subsequent amendments, Castro was added to this case as a party defendant.  The United States and State of Oklahoma exercised their right to intervene insofar as the False Claims Act claims were concerned and resolved the claims against the original two entities as reflected in the Notice filed April 16, 2014.  The United States and State of Oklahoma specifically declined to intervene or resolve Simmons' wrongful discharge and retaliation claims.  The claims brought specifically against Castro were reflected in the *qui tam* Complaint filed by the United States and the State of Oklahoma and naming Simmons as a relator on August 14, 2015.

At the urging of the parties, on March 5, 2015, Judge Payne set a Settlement Conference before United States Magistrate Judge Steven P. Shreder on August 2, 2015.  Thereafter, on March 24, 2015, Plaintiff filed a motion to dismiss without prejudice. Castro objected to the dismissal until such time as Simmons gave a deposition to be used in the remaining claims brought by the United States and the State of Oklahoma.  By minute order dated June 15, 2015, Judge Payne granted Simmons' request for dismissal subject to

---

[1] Three related cases comprising virtually the same or very similar claims are at issue in this case - CIV-12-043-JHP, CIV-15-082-JHP, and CIV-15-083-JHP.  All are *qui tam* actions with components of Simmons' wrongful discharge and retaliation claims.

compliance with Castro's request for discovery.

On June 17, 2015, Castro renewed his motion to compel, requesting that Simmons be compelled to answer written discovery which he propounded in preparation for Simmons' deposition before allowing Simmons to dismiss her case. On July 6, 2015, Judge Payne entered a minute order granting Castro's motions to compel. Castro was directed by Judge Payne

> to notify the Court when Plaintiff has complied with the above motions and to simultaneously submit an Agreed Stipulation of Dismissal Without Prejudice. If this does not occur within thirty (30) days of the date of this Minute Order, this case shall remain on track per Scheduling Order entered on 2/27/2015.

On July 16, 2015, Simmons filed a Notice stating she had responded to Castro's written discovery and that Castro was obligated to "terminate this action by filing an Agreed Stipulation of Dismissal Without Prejudice with the Court Clerk." After Castro's filing of another motion to compel seeking to compel Simmons' deposition, Judge Payne entered a minute order on July 28, 2015 which stated

> Pursuant to the Court's Order of July 6, 2015 (Dkt. #160), the parties have 30 days, or until August 6, 2015 to comply with said Order. Further, pursuant to Fed.R. Civ.P. 41(a)(2), the Court will not dismiss this case "Without Prejudice" until Plaintiff has complied with the Court's Order (Dkt. #160). The current Scheduling Order (Dkt. #142) remains in effect. If an Agreed Stipulation of Dismissal is not filed on, or before August 6, 2015, Plaintiff's Motion to Dismiss Without Prejudice (Dkt. #144) shall be denied and the case shall proceed accordingly.

On August 3, 2015, Magistrate Judge Shreder conducted a

Settlement Conference in this case in all three of the related *qui tam* actions. At the conclusion of the Conference, Magistrate Judge Shreder entered a minute order stating that the "Conference concluded WITH settlement." Thereafter, on August 4, 2015, Judge Payne entered an Administrative Closing Order, which stated in pertinent part

> **IT IS ORDERED** that the action as to all claims is dismissed without prejudice pursuant to Fed.R.Civ.P. 41(a)(2) subject to the conditions set forth herein. The Court retains complete jurisdiction to vacate this order and to reopen the action upon cause shown that settlement has not been completed and further litigation is necessary. **This Administrative Closing Order shall mature into a final judgment pursuant to Fed.R.Civ.P. 54 and Fed.R.Civ.P. 58, if the parties fail to submit final closing papers within fifteen (15) days from the date of this order.**

(Emphasis in original.)

On August 18, 2015, Simmons filed the subject Motion seeking to vacate the Administrative Closing Order contending that she did not consent to the terms whereby her claims would effectively be dismissed with prejudice if the maturation provision of the Administrative Closing Order became effective. Simmons asserts that in accordance with her understanding coming out of the Settlement Conference, if Castro did not stipulate to the dismissal of this action without prejudice to refiling, the case would proceed to adjudicate Simmons' remaining claims.

Magistrate Judge Shreder testified at the hearing that he was the settlement judge on the three related cases. He stated that

4

the *qui tam* actions were settled at the Conference with the United States and the State of Oklahoma. The handwritten agreement completed at the Settlement Conference provides

> The Plaintiffs, USA & State of Oklahoma agree to accept $275,000 payable within 30 days of the signing of the settlement agreement, in full satisfaction of all claims in 12-043.
>
> The Relator agrees that this is a fair, adequate and reasonable settlement and agrees to accept 15% of the recovery from the U.S., however as to the State of Oklahoma's portion Relator is only entitled to recover damage arising on or after November 1st 2007 at 15%
>
> Exh. 5 to *Response of Defendant Dan J. Castro, M.D., to Plaintiff's Motion to Vacate Administrative Closing Order and Motion to Enforce Settlement*.

It is apparent from the evidence that the focus of the settlement were the claims of the United States and State of Oklahoma and Simmons as she served as a relator on the *qui tam* claims. Nothing in the record, including Magistrate Judge Shreder's testimony, indicates that the parties intended to settle Simmons' remaining claims or that those claims would be dismissed with prejudice. The language employed in the Administrative Closing Order is standard in settled cases without regard to the specifics of this case. Judge Payne had granted Simmons' request for dismissal without prejudice subject to Simmons providing discovery to Castro but if the terms of Judge Payne's minute orders were not followed, the case would move forward. Moreover, given the manner of the settlement with the United States and State of Oklahoma with Simmons settling only in her relator status on the

5

*qui tam* claims, consideration would be lacking for the dismissal of the non-*qui tam* claims remaining in Simmons' case. As a result, the Administrative Closing Order should be vacated and Simmons' claims should proceed to adjudication.

BASED UPON THE FOREGOING, IT IS THE RECOMMENDATION OF THE UNDERSIGNED that Plaintiff's Motion to Vacate Administrative Closing Order filed August 18, 2015 (Docket Entry #171) be **GRANTED** and that Defendant's Motion to Enforce Settlement filed August 20, 2015 (Docket Entry #173) be **DENIED**.

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the findings made herein.

IT IS SO ENTERED this 1st day of October, 2015.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma

6